UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CHARLES FRANKLIN BURKHALTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:22-CV-307-KAC-CHS |
| | ) | |
| CITY OF EAST RIDGE, TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

Before the Court is the (1) "Motion to Dismiss . . . and Request for Oral Argument" [Doc. 66] and (2) Memorandum in Support filed by Defendant Hamilton County Government ("Hamilton County") [Doc. 67] along with (3) Plaintiff's Response in Opposition [Doc. 105] and (4) Hamilton County's Reply [Doc. 109]. The Court denies Defendant Hamilton County's "Motion to Dismiss" Plaintiff's claims against the "Unknown Number of John/Jane Doe Defendant Law Enforcement Officers" (the "Doe Defendants") because counsel for Defendant Hamilton County does not represent the Doe Defendants in this action and the record contains no evidence that the Doe Defendants have otherwise authorized counsel for Defendant Hamilton County to act on their behalf. Further, because Defendant Hamilton County has not shown that quasi-judicial immunity shields it from liability under Tennessee Code Annotated § 8-8-302, the Court also denies Defendant Hamilton County's "Motion to Dismiss" Plaintiff's claims against it.

## I. Background[1]

Beginning in September 30, 2022, Plaintiff Charles Franklin Burkhalter rented a room at the Budgetel Inn, an extended stay motel in Chattanooga, Tennessee, for $978.50 "each period" [Doc. 64 ¶¶ 144, 181-82, 190]. On November 14, 2022, District Attorney General Coty Wamp signed and filed a nuisance abatement petition for the Budgetel Inn under Tennessee's nuisance abatement statute, Tenn. Code Ann. § 29-3-101, *et seq*. [*Id.* ¶¶ 135, 156-57]. The Honorable Judge Boyd Patterson of the Hamilton County Criminal Court granted the petition [*See id.* ¶ 166]. Judge Patterson's Order directed "lawful peace officer[s]" to "knock and announce at each room of the Budgtel [sic] Inn to provide notice to the guests/residents of this Order and to allow such persons time to collect their personal belongings and vacate the premises" [*Id.*]. The Order further directed "[t]he owner, operator or responsible party" for the Budgetel Inn to "provide any lawful peace officer with a master key to all rooms at the Budgetel Inn in order to effectuate the removal of all persons pursuant to this Order" [*Id.* ¶ 167].

On the morning of November 16, 2022, "representatives" from the Hamilton County Sheriff's Office "act[ing] within the scope and course of their employment with the County" gathered "for an operational brief" [*Id.* ¶¶ 65, 66]. At approximately 7:00 a.m., officers served Judge Patterson's Order and "knocked on each and every door, made contact, explained to folks what was going on, gave them a list of resources[,] and told them that they needed to gather their belongings [and] begin moving out" [*Id.* at 3, ¶ 65]. A "Hamilton County deputy, possibly a sergeant" came to Plaintiff's door at the Budgetel Inn and "told Plaintiff that he had only FOUR

---

[1] Because Plaintiff is the non-moving Party, the Court construes the allegations in the "Second Amended Complaint for Damages, Declaratory Judgment, and Class Action Certification" [Doc. 64] in the light most favorable to Plaintiff, accepts all well-pled factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016).

HOURS to vacate the property" [*Id.* ¶¶ 164, 193-94].  Plaintiff "was only allowed to leave with his clothes" and did not take "his meager belongings" or "other medications" [*Id.* ¶ 193].  "Police" did not permit Plaintiff "the time" to assist with "gather[ing] his personal property" or "transport him to another location" [*Id.* ¶ 196].  On November 23, 2022, Plaintiff "was able to enter his former room and obtained his personal property" [*Id.* ¶ 200].  But Plaintiff has not "receive[d] the balance of the money he paid for the entire month of November 2022" to rent a room at the Budgetel Inn [*Id.* ¶ 201].

## II. Procedural History

On December 12, 2022, Plaintiff filed a "Complaint for Damages and Class Action Certification" [Doc. 1].  On March 2, 2023, Plaintiff filed a second amended complaint with leave of Court [*See* Docs. 63; 64].  *See* Fed. R. Civ. P. 15(a)(2).  As relevant to the instant Motion to Dismiss, Plaintiff's "Second Amended Complaint for Damages, Declaratory Judgment, and Class Action Certification" [Doc. 64 (the "Second Amended Complaint")] purports to bring seven (7) total claims against the "Unknown Number of John/Jane Doe Defendant Law Enforcement Officers" who "acted within the scope and course of their employment with the County" and the "Hamilton County Government" [*Id.* at 2, ¶¶ 66, 206-32, 237-54].

Plaintiff raised five (5) claims against the Doe Defendants "in their individual capacities" [*Id.* at 3 n.1 (clarifying that the term "individual defendants" includes the "Unknown Number of John/Jane Doe Defendant Law Enforcement Officers"), ¶¶ 30, 65-67].  First, Plaintiff asserts a claim under 42 U.S.C. § 1983 for an alleged violation of Plaintiff's Fourth Amendment rights, contending that the Doe Defendants' "active[] participat[ion] in the forced removal" of Plaintiff from the Budgetel Inn "by arbitrarily setting a four-hour time limit when none was set by Judge Patterson" caused an "unreasonable seizure" of Plaintiff's "personal property" [*Id.* ¶¶ 206-13

3

(Count One)]. Second, Plaintiff asserts a claim under Section 1983 for an alleged violation of his Fourteenth Amendment rights based on the Doe Defendants' "dispossess[ion]" of Plaintiff's "leasehold" at the Budgetel Inn and "seizure" of Plaintiff's property "without a pre-deprivation or post-deprivation hearing" [*Id.* ¶¶ 214-25 (Count Two)]. Third, Plaintiff asserts another claim under Section 1983 for an alleged "agreement" that the Doe Defendants made with other defendants "to deprive Plaintiff of his rights to notice and to be secure in his property" [*Id.* ¶¶ 226-32 (Count Three)]. Fourth, Plaintiff alleged a Tennessee common law claim for "conversion" based on the Doe Defendants' actions that resulted in the loss of Plaintiff's money and personal property, which gave the Doe Defendants "the ability to convert the property to their own use or for the benefit of their co-conspirators and co-defendants (the City) by sale at auction" [*Id.* ¶¶ 241-45 (Count Six)]. Fifth, Plaintiff alleged a Tennessee common law claim for "civil conspiracy" based on the Doe Defendants' "concerted action" with other Defendants to "conver[t]" Plaintiff's personal property [*Id.* ¶¶ 246-51 (Count Seven)]. There is no indication that Plaintiff has either discovered the identity of any of the Doe Defendants or served any individual Doe Defendant. No attorney has made an appearance on behalf of any Doe Defendant.

Plaintiff specifically raises three (3) claims against Hamilton County. First, Plaintiff alleged that the County "is liable as a principal" under Tenn. Code Ann. § 8-8-302 for the "intentional misconduct" of its "deputies," "including the Doe Defendants," that resulted in a "deprivation of [Plaintiff's] constitutionally protected rights," "conversion of his personal property," and the "loss of his use" of his Budgetel Inn room [*Id.* ¶¶ 237-40 (Count Five)]. Second, Plaintiff alleged that the County "is liable as a principal" under Tenn. Code Ann. § 8-8-302 for the Doe Defendants' "misconduct" related to those Defendants' alleged "civil conspiracy" [*Id.* ¶¶ 246-51 (Count Seven)]. Third, Plaintiff raised an indemnification claim against the County

for "any tort judgment for compensatory damages" against the Doe Defendants because those Defendants "were employees of the County and acted within the scope of their employment" [*Id.* ¶¶ 252-54 (Count Eight)].

On March 10, 2023, Defendant Hamilton County moved the Court to "dismiss[] all claims against it and against the John Does Hamilton County Defendants" "for failure to state a claim upon which relief may be granted" under Federal Rule of Civil Procedure 12(b)(6) [Doc. 66 at 1]. Defendant Hamilton County contends that quasi-judicial immunity shields both the Doe Defendants and the County from liability [*See* Doc. 67]. Plaintiff generally opposed Defendants' Motion [*See* Doc. 105].

### III. Analysis

Federal Rule of Civil Procedure 12(b)(6) provides that the Court may dismiss a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the allegations in Plaintiff's Second Amended Complaint [Doc. 64] in the light most favorable to him, accept all well-pled factual allegations as true, and draws all reasonable inferences in his favor. *See Hogan*, 823 F.3d at 884. The moving party bears the burden of demonstrating that dismissal is appropriate. *See Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).

### A. Counsel For Defendant Hamilton County Lacks The Authority To File A Motion To Dismiss On Behalf Of The Unrepresented "Unknown Number of John/Jane Doe Defendant Law Enforcement Officers."

Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and any other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). It is "inappropriate for an attorney representing one party in a multiparty lawsuit to sign a pleading, written motion, or other paper on behalf of an attorney for another party, especially without the proper authorization from that party or attorney." 5A Charles Alan Wright & Arthur R. Miller, Federal Rules of Civil Procedure § 1333 (4th ed. 2023).

Counsel for Defendant Hamilton County does not purport to represent the Doe Defendants and therefore cannot file a motion on those Defendants' behalf. Attorney R. Dee Hobbs of the "Hamilton County Attorney's Office" signed Defendant Hamilton County's "Motion to Dismiss" [*See* Docs. 66 at 1; 67 at 17]. Attorney Hobbs is not an "attorney of record" for the Doe Defendants. *See* Fed. R. Civ. P. 11(a). Indeed, no attorney has made an appearance—limited or otherwise—on behalf of the Doe Defendants. For their own part, the Doe Defendants did not personally sign the Motion. *See id.* And there is no indication in the record that Attorney Hobbs received authorization from any of the Doe Defendants to file the Motion on their behalf. The record does not show that counsel for Defendant Hamilton County has the authority to file motions on behalf of the Doe Defendants. The Court therefore denies Hamilton County's request to dismiss Plaintiff's claims against the Doe Defendants.

### B. Defendant Hamilton County Has Not Met Its Burden To Show That Quasi-Judicial Immunity Shields It From Section 8-8-302 Liability.

Defendant Hamilton County asks the Court to dismiss Plaintiff's claims against it "based on the applicability of the doctrine of quasi-judicial immunity" [Doc. 67 at 15]. But the County

6
Case 1:22-cv-00307-KAC-CHS   Document 116   Filed 08/17/23   Page 6 of 8   PageID #: 1230

has not articulated how quasi-judicial immunity would immunize it, a municipal entity, from Plaintiff's state law claims. Defendant Hamilton County appears to assert that if quasi-judicial immunity shields the Doe Defendants, then quasi-judicial immunity would also shield the County from liability [*See* Doc. 67]. On this record, the Court cannot properly determine whether "quasi-judicial immunity" applies to any individual Doe Defendant. However, within the context of a Section 1983 claim, like those brought against the Doe Defendants, "[a] government entity cannot claim any personal immunities, such as quasi-judicial or qualified immunity." *Everson v. Leis*, 556 F.3d 484, 493 n.3 (6th Cir. 2009) (citing *Alkire v. Irving*, 330 F.3d 802, 810-11 (6th Cir. 2003)).

Tennessee Code Annotated 8-8-302, which provides the direct basis for Plaintiff's claims against Hamilton County, states that:

> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the party of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

Tenn. Code Ann. § 8-8-302. The Section "controls as to suits for intentional acts of official misconduct by sheriff's deputies." *Newby v. Sharp*, No. 11-CV-354, 2012 WL 1230764, at *5 (E.D. Tenn. Apr. 12, 2012) (quoting *Hunt v. Wayne Cnty.*, No. 10-35, 2012 WL 279482, at *7 (M.D. Tenn. Jan. 31, 2012)). It "removes sovereign immunity for non-negligent acts or omissions of a deputy sheriff if, at the time of the injury, the deputy sheriff, is 'acting by virtue of or under color of the office.'" *Haynes v. Perry Cnty.*, M2020-01448-COA-R3-CV, 2022 WL 1210462, at *4 (Tenn. Ct. App. Apr. 25, 2022) (quoting Tenn. Code Ann. § 8-8-302). Defendant Hamilton County did not provide any legal authority, nor could this Court locate any, applying quasi-judicial immunity to limit liability for claims that could otherwise be brought against the County under Section 8-8-302. Hamilton County, therefore, has failed to meet its burden to show that dismissal

7

of Plaintiff's claims against it based on quasi-judicial immunity is warranted. *See Mediacom*, 672 F.3d at 399. Accordingly, dismissal is not appropriate at this stage in the litigation.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Defendant Hamilton County Government's "Motion to Dismiss" [Doc. 66]. The Court further **DENIES** Defendant Hamilton County Government's request for "oral argument" because oral argument is unnecessary. *See* E.D. Tenn. L.R. 7.2.

IT IS SO ORDERED.

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge