UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CHARLES FRANKLIN BURKHALTER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:22-CV-307-KAC-CHS |
| CITY OF EAST RIDGE, TENNESSEE, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a "Motion to Dismiss" [Doc. 77] filed by Defendants Beth Hickman; Stephanie Noble; Aaron Murray; Flatlands III, LLC; Robin Nave-Montero; Randall W. Keith; East Town Antiques, LLC; Katie Glaze; Jessica Wheeler; Mike Bruce; Gregg Bowman; and Holy Smoke Premium Cigars & Pipes, PLLC (the "Business Defendants"). For the foregoing reasons, the Court grants the Motion.

**I.      Background**[1]

Plaintiff Charles Franklin Burkhalter was a resident of the Budgetel Inn (the "Inn"), an "extended stay motel" located in East Ridge, Tennessee [*See* Doc. 64 ¶¶ 144-46]. Around November 14, 2022, "District Attorney General Coty Wamp" "authored a petition for abatement" of nuisance under Tennessee state law (the "Petition"), attempting to close the Inn due to alleged ongoing criminal activity there [*Id.* ¶¶ 1, 62]. The Petition stated, in part, that "[n]eighboring" citizens "are hindered by the nature of the residents at the Inn and the consistency of necessary police presence at the Inn" [*Id.* ¶ 156]. Defendant Josh Creel, the "assistant chief of

---

[1] Because Plaintiff Charles Franklin Burkhalter is the nonmoving Party, the Court describes the facts in the Complaint in the light most favorable to him. *See Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 683 (6th Cir. 2024) (citation omitted).

police" for Defendant City of East Ridge "signed a verification of the facts and the goals" in the Petition "under oath" [*Id.* ¶¶ 62, 157].

The Business Defendants provided affidavits in support of the Petition [*Id.* ¶¶ 153-56]. But there is a "lack of clarity" as to "the exact roles the Business Defendants played" in the Petition [*Id.* ¶ 137]. Indeed, "[t]here is no indication in the petition or in the affidavits of" the Business Defendants that "Wamp, or any other person gave the Business Defendants full disclosure as to the purpose and reasons" behind the Petition [*Id.* ¶ 159]. The Business Defendants "at no time" "identif[ied], name[d], hint[ed] or" included Plaintiff in the affidavits they provided [*Id.* ¶ 162]. On November 16, 2022, "an East Ridge police officer and a Hamilton County deputy" executed the Petition and ordered Plaintiff, among others, to leave the Inn [*Id.* ¶¶ 193-94].

Plaintiff's Second Amended Complaint is operative [Doc. 64]. It asserts three (3) claims under 42 U.S.C. § 1983 (Counts One, Two, and Three) and two (2) state law claims for conversion and civil conspiracy (Counts Six and Seven) against the Business Defendants [*See id.* ¶¶ 206-232, 241-54]. The Business Defendants filed the instant "Motion to Dismiss" [Doc. 77], which asserts that Plaintiff fails to state any plausible claim for relief against them.

## II.     **Legal Standard**

The Court must first determine the scope of its review. When parties present information to the Court that is outside of a complaint, Federal Rule of Civil Procedure "12(d)'s text give[s] district courts two options." *Cottemran v. City of Cincinnati*, No. 21-3659, 2023 WL 7132017, at *4 (6th Cir. Oct. 30, 2023). A district court must "***expressly*** exclude outside-the-complaint materials ***or*** convert the motion to one for summary judgment." *Id.* (second emphasis added) (citing *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006)). But

the Court may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss," "without converting a motion to dismiss into one for summary judgment," as long as the relevant items "are referred to in the [c]omplaint and are central to the claims therein." *See Clark v. Stone*, 998 F.3d 287, 296-97 (6th Cir. 2021) (citations and quotation marks omitted). Here, the Second Amended Complaint referred to the Petition and the Business Defendants' affidavits in support [Doc. 64 ¶ 198]. These documents are central to Plaintiff's claims against the Business Defendants. The Court may therefore consider them without converting the Business Defendants' Motion to Dismiss to one for summary judgment. *See Clark*, 998 F.3d at 296-97.

Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Phillips v. DeWine*, 841 F.3d 405, 414 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff pleads a "facial[ly] plausib[le]" claim if there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Teamsters Local 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 83 F.4th 514, 524 (6th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a plausible claim. *See Willman v. U.S. Att'y Gen.*, 972 F.3d 819, 823 (6th Cir. 2020) (citing *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010)). After *Twombly* and *Iqbal*, "a plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply

by referring to conclusory allegations in the complaint that the defendant violated the law." *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

### III. Analysis

#### A. The Second Amended Complaint Fails To State A Section 1983 Claim Against The Business Defendants Because They Are Not State Actors.

To plausibly allege a Section 1983 claim, a plaintiff must show that a defendant "acting under color of law" caused a deprivation of the plaintiff's "right secured by the Constitution or laws of the United States." *See, e.g.*, *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). "[A]s a general rule," Section 1983 "does not reach the conduct of private parties." *See Weser v. Goodson*, 965 F.3d 507, 515-16 (6th Cir. 2020); *see also Mackey v. Rising*, 106 F.4th 552, 558 (6th Cir. 2024). Indeed, a private party is only liable under Section 1983 "[i]n *rare* circumstances" where a plaintiff "can show that the private party's actions 'so approximate state action that they may be fairly attributed to the state.'" *See Leta v. TriHealth, Inc.*, No-23-3406, 2024 WL 229563, at *2-3 (6th Cir. Jan. 22, 2024) (emphasis added) (quoting *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 757 (6th Cir. 2023)).

Here, the Second Amended Complaint relies exclusively on a conspiracy-based state action theory [*See* Docs. 64 ¶¶ 207, 217, 227; 91 at 22-23]. Under Sixth Circuit precedent, a plaintiff may "show state action by establishing that a private party has engaged in a conspiracy or concerted action with other state actors." *See Leta*, 2024 WL 229563, at *3 (citation omitted). To do so, a plaintiff must plausibly allege that "a single plan existed," "the conspirators shared a conspiratorial objective to deprive" the plaintiff of his "constitutional rights," and the conspirators committed "an overt act" in furtherance of the conspiracy. *Id.* (citing *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). A plaintiff must plead facts allowing the Court to infer a

4

"meeting of the minds" between the state and private actors. *See id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).

The allegations of the Second Amended Complaint *itself*, however, belie any inference that any Business Defendant conspired with a state actor. The Second Amended Complaint asserts that "[t]here is no indication" that any state official "gave the Business Defendants full disclosure as to the purpose and reasons" for the Petition [Doc. 64 ¶ 159]. Further, the Second Amended Complaint asserts that the Business Defendants "at no time" "identif[ied], name[d], hint[ed] or" included Plaintiff in the affidavits in support of the Petition [*Id.* ¶ 162]. The Second Amended Complaint by its own terms concedes that no "single plan existed," "the conspirators [did not] share[] a conspiratorial objective," and there was no "meeting of the minds" between a state actor and the Business Defendants to violate Plaintiff's rights. *See Leta*, 2024 WL 229563, at *3 (citations omitted).

Even setting aside that fatal conclusion, the Second Amended Complaint also fails to plead conspiracy-based state action with sufficient specificity. The Second Amended Complaint admits a "lack of clarity as to the exact roles the Business Defendants played in" Plaintiff's alleged injuries [Doc. 64 ¶ 137]. Plaintiff argues that this "lack of clarity" ***demonstrates*** that the Business Defendants are state actors or at least "leaves this issue open for discovery" [*Id.*; *see also* Doc. 91 at 33]. To the contrary, the inability to plead "more than vague or conclusory allegations" is a failure to plausibly allege facts showing that the Business Defendants are state actors for Section 1983 purposes. *See Leta*, 2024 WL 229563, at *3 (citation omitted).[2] And the Court does not

---

[2] The Second Amended Complaint asserts that the Business Defendants are state actors because they acted as "citizens and freeholders" under Tennessee law [Doc. 64 ¶¶ 136-37; *see also* Doc. 91 at 7-18, 23, 25]. That is, the Second Amended Complaint argues that the Business Defendants acted as the principal initiators of the Petition and that Tennessee law would treat them as state

5

accept as fact the Second Amended Complaint's repeated conclusory assertions that the Business Defendants "acted in concert" with state officials "to accomplish an unlawful purpose" and "commit[] overt acts" [*See, e.g.*, Doc. 64 ¶¶ 166, 177-78, 227]. These allegations are naked "legal conclusions masquerading as factual allegations," *see Willman*, 972 F.3d at 823 (citation omitted), "precisely the kind[] of [assertions] that *Iqbal* and *Twombly* condemned." *See 16630 Southfield Ltd. P'ship*, 727 F.3d at 504.

Plaintiff resists this conclusion to no avail. He argues that the Business Defendants' contribution of affidavits to the Petition suffices to show state action, chiefly relying on *Lugar v. Edmondson Oil*[3] [*See* Doc. 91 at 19-24]. But *Lugar* offers no comfort. There, an oil company sued a truckstop operator on a debt in state court while simultaneously seeking prejudgment attachment of the truckstop owner's property under state law. *Lugar*, 457 U.S. at 924. A state court clerk authorized attachment, and a county sheriff executed. *Id.* The truckstop operator then sued the oil company under Section 1983 and challenged the State's prejudgment attachment procedure. *Id.* at 925. The Supreme Court held that the oil company was a state actor because the oil company "invok[ed] the aid of state officials to take advantage of state created" procedures. *See Lugar*, 457 U.S. at 942.

*Luger* does not stand for the broader proposition that a private party subjects itself to potential Section 1983 liability by contributing an affidavit that then allowed a state official to take further action. Indeed, prevailing precedent has long rejected the view that "[p]roviding information" to the State or "responding to questions about a crime" amounts to state action.

---

actors [Doc. 91 at 10]. But federal law—not state statutory law—determines state action under Section 1983. *See Leta*, 2024 WL 229563, at *3.
[3] 457 U.S. 922 (1982).

*See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (citing *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983)); *see also Weser*, 965 F.3d at 516-17. That is precisely what the Second Amended Complaint, properly viewed in Plaintiff's favor, alleges occurred here. Wamp "authored a petition for abatement" under Tennessee state law because of alleged criminal activity at the Inn [Doc. 64 ¶¶ 1, 62]. Defendant Creel signed a verification in support of the Petition [*Id.* ¶¶ 156-57]. And "police," executed the Petition [*Id.* ¶ 193]. Defendant East Ridge was purportedly "the driving force behind the misconduct," not the Business Defendants [*Id.* ¶ 210, 220]. This is not one of the "rare circumstances" where a private actor can be held liable under Section 1983. *See Leta*, 2024 WL 229563, at *3. The Court therefore dismisses Counts One, Two, and Three against the Business Defendants.

### B. The Second Amended Complaint Fails To State A Claim Against the Business Defendants For Conversion Or Civil Conspiracy Under Tennessee Law.

Plaintiff's claims against the Business Defendants for conversion and civil conspiracy also fail. To state a plausible conversion claim under Tennessee law, a plaintiff must allege "the appropriation of" his or her property to another's "own use and benefit, by the exercise of dominion over the property, in defiance of" the plaintiff's rights. *See, e.g.*, *Am. Bank, FSB v. Cornerstone Cmty. Bank*, 733 F.3d 609, 614 (6th Cir. 2013) (quotation omitted); *see also Family Tr. Servs. LLC v. Green Wise Homes LLC*, 693 SW.3d 284, 306 (Tenn. 2024) (quotation omitted). Here, the Second Amended Complaint fails to plead any facts showing that any Business Defendant appropriated any portion of Plaintiff's property for their own use and benefit [*See* Doc. 64 ¶¶ 241-245]. Indeed, the Second Amended Complaint only pleads that the Business Defendants had "the ability" to do so [*Id.* ¶ 244]. This falls short. The Second Amended Complaint thus fails to state a conversion claim against the Business Defendants.

7

The civil conspiracy claim fares no better. Under Tennessee law, "civil conspiracy is a combination between two or more persons to accomplish by concert an unlawful purpose, or to accomplish a purpose not in itself unlawful by unlawful means." *See Menuskin v. Williams*, 145 F.3d 755, 770 (6th Cir. 1998) (quotation omitted). Importantly, there must be a "common design" among the alleged conspirators. *Id.* Here, the Second Amended Complaint does not allege any "common design" or purpose. In fact, as discussed above, the allegations of the Second Amended Complaint disclaim any commonly-shared design or purpose: no person provided the Business Defendants with an explanation of the purpose behind the Petition, and no Business Defendant even identified or named Plaintiff in its affidavit [*See* Doc. 64 ¶¶ 159, 162]. For these reasons, the Court dismisses Counts Six and Seven against the Business Defendants.[4]

IV. **Conclusion**

Accordingly, the Court **GRANTS** the Business Defendants' "Motion to Dismiss" [Doc. 77] and dismisses Plaintiff's claims against Defendants Beth Hickman; Stephanie Noble; Aaron Murray; Flatlands III, LLC; Robin Nave-Montero; Randall W. Keith; East Town Antiques, LLC; Katie Glaze; Jessica Wheeler; Mike Bruce; Gregg Bowman; and Holy Smoke Premium Cigars & Pipes, PLLC.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

---

[4] The Second Amended Complaint purports to raise a facial and as-applied challenge to the constitutionality of Tennessee's abatement statute [Doc. ¶ 36; *see also* Doc. 48]. However, because the Second Amended Complaint fails to state a plausible claim against the Business Defendants, the Court need not consider the abatement statute's constitutionality. "Federal Courts do not issue advisory opinions or address statutes in the abstract." *L.W. v. Skrmetti*, 83 F.4th 460, 490 (6th Cir. 2023) (quotation omitted).

8