CHARLES FRANKLIN BURKHALTER, )
                                       )
      **Plaintiff** )
                                         )     **NO. 1:22-CV-307**
v. )
                                         )
CITY OF EAST RIDGE, TENNESSEE, JOSH CREEL,)
HAMILTON COUNTY GOVERNMENT, et al., )
                                         )
      **Defendants** )

## DOE DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER

COME NOW the Defendants identified as the "Unknown Number of John/Jane Doe Defendant Law Enforcement Officers" ("Doe Defendants"), by and through undersigned counsel, and respectfully respond to the Court's Order to Show Cause entered May 6, 2026.

At the outset, undersigned counsel apologizes to the Court for the procedural confusion surrounding the Doe Defendants and for any failure to more promptly clarify the procedural posture of those parties.

On March 23, 2023, Hamilton County initially sought dismissal of claims asserted against the Doe Defendants through its filing of a Motion to Dismiss. [Docs. 66, 67]. The Court denied the Motion to Dismiss and noted that counsel for Hamilton County did not represent the Doe Defendants and the record contained no evidence that the Doe Defendants had otherwise authorized counsel for Hamilton County to act on their behalf. [Doc. 116].

On April 8, 2024, the Doe Defendants filed a Motion to Dismiss on the grounds that the "individuals have never been named in this action, which has been pending since 2022, and have

1

never been served with process and made a party defendant herein." [Doc. 117]. Plaintiff subsequently asserted that the parties had failed to meet and confer in accordance with the Court's Orders governing motions to dismiss, and the Doe Defendants thereafter requested that the Court strike their Motion [*See* Doc. 127]. On July 11, 2025, the Court struck the Doe Defendants' Motion without prejudice and granted leave to refile a compliant motion at a later time. [Doc. 129].

On July 1, 2025, the Hamilton County Attorney's Office underwent a complete staffing transition, with the exception of one support staff paralegal.[1] Following review of the record and the Court's prior orders, undersigned counsel understood the Court's rulings to require that notices of appearance first be filed on behalf of the Doe Defendants before any motion to dismiss could properly be filed on their behalf or before counsel could otherwise seek dismissal of the Doe Defendants from this action. Accordingly, undersigned counsel filed notices of appearance in October 2025 on behalf of Hamilton County and the Doe Defendants. [*See* Docs. 133, 134]. "Filing a notice of appearance does not, on its own, cause a defendant to waive her personal jurisdiction defense." *Blessing v. Chandrasekhar*, 988 F.3d 889, 894 (6th Cir. 2021).

Following the filing of those appearances, undersigned counsel undertook additional research regarding the procedural posture of the Doe Defendants and the appropriate mechanism for addressing claims asserted against the unidentified and unserved parties. Through that process, undersigned counsel came to understand that a civil action cannot be commenced against a fictitious party such as the Doe Defendants because the Doe Defendants have neither been identified by their real names nor served with process. *See Bufalino v. Michigan Bell Telephone Co.,* 404 F.2d 1023, 1028 (6th Cir.1968). Further, until a plaintiff files an amended complaint under Fed. R. Civ. P. 15 identifying and adding or joining a John Doe defendant by his or her true

---

[1] R. Dee Hobbs remains working on certain cases, including the at-issue case, on a contractual basis.

name, the Doe allegations in the complaint are mere surplusage. *Pierce v. Hamblen Cnty., Tenn.*, No. 2:09-CV-34, 2009 WL 2996333, at *1 (E.D. Tenn. Sept. 16, 2009).

Under Fed. R. Civ. P. 12(a), a responsive pleading is triggered once a defendant is "served with the summons and complaint." Doe defendants, by definition, are unidentified and cannot be properly served with the summons and complaint. Accordingly, undersigned counsel understood that no responsive pleading was required from the Doe Defendants because no action had been commenced against the Doe Defendants as unidentified and unserved parties.

In conjunction with that understanding, undersigned counsel further understood that the appropriate procedural mechanism governing the unidentified and unserved Doe Defendants was Fed. R. Civ. P. 4(m), which provides that "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m) permits the court to act on its own and does not require a motion from any party. If good cause has not been shown as to why the plaintiff has failed to serve a defendant, or the court declines to grant plaintiff relief, the language of Rule 4(m) "mandates dismissal, either on motion or sua sponte." *Botello v. Tennessee Dep't of Correction*, No. 3:18-CV-00549, 2020 WL 3422218, at *3 (M.D. Tenn. Apr. 6, 2020), *report and recommendation adopted*, No. 3:18-CV-00549, 2020 WL 3412345 (M.D. Tenn. June 22, 2020). Because the unidentified Doe Defendants cannot be located or served, the Rule 4(m) 90-day service deadline expired against them. As such, default proceedings against the Doe Defendants here would be inappropriate.

Hamilton County has filed a Motion for Summary Judgment on its own behalf. However, in light of the above issues, undersigned counsel did not believe, albeit perhaps mistakenly, that a responsive pleading or other litigation activity was necessary on behalf of the Doe Defendants.

Counsel acknowledges that, following those appearances, no separate responsive pleading was filed on behalf of the Doe Defendants pursuant to Rule 12(a). That omission, if a responsive pleading was required by the Court, was not intended as disregard of the Federal Rules, the Local Rules, or this Court's authority. Rather, counsel understood the case to remain in the unusual procedural posture that no individual Doe Defendant has ever been identified by name, served with process, or formally made a party defendant under Rule 4.

In the Court's August 17, 2023, Memorandum Opinion and Order Denying Motion to Dismiss, the Court noted there was "no indication that Plaintiff has either discovered the identity of any of the Doe Defendants or served any individual Doe Defendant." [Doc. 116 at 4]. That remains the case today. Plaintiff, to date, has failed to identify or serve any individual Doe Defendants. At this juncture, the Court's February 3, 2026, deadline to file any motion to amend the pleadings or add parties has lapsed. [Doc. 132 at 2]. Under these circumstances, undersigned counsel respectfully submits that default proceedings or sanctions against the Doe Defendants would not be appropriate.

The Doe Defendants further respectfully submit that default proceedings or other sanctions not be issued against the Doe Defendants. The omission of a responsive pleading arose from counsel's understanding regarding the procedural obligations applicable to unnamed and unserved Doe defendants after appearances were entered, not from bad faith, willful disregard of the Court's orders, or an intent to delay these proceedings.

To the extent the Court determines that a responsive pleading should be filed, notwithstanding the unresolved identification and service issues, the Doe Defendants respectfully request leave to file an appropriate responsive pleading or such other filing as the Court deems appropriate in lieu of sanctions or default-related proceedings.

WHEREFORE, the Doe Defendants respectfully request that the Court discharge the Order to Show Cause and decline to impose sanctions or permit default proceedings against the Doe Defendants.

HAMILTON COUNTY ATTORNEY'S OFFICE

By:     s/*Azarius Yanez*
Azarius Yanez, BPR No. 036266
*Assistant County Attorney*
Timothy N, Clark, BPR No. 031074
*Deputy County Attorney*
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax:  423-209-6150/6151

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Azarius Yanez

6